MOORE & MUNGER CO. v. MOTOR TRADES PUB. CO.

(Supreme Court, Appellate Division, First Department.    November 26, 1915.)

1. LIBEL AND SLANDER ⬡⇒9—CHARGE OF BANKRUPTCY.
    Falsely to charge a person engaged in business, to whom commercial credit is of importance, with bankruptcy, is libelous per se.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. ⬡⇒9.]

2. LIBEL AND SLANDER ⬡⇒73—WORDS EMPLOYED—CHARGE OF BANKRUPTCY.
    The rule as to libelous words which affect credit applies to corporations as well as to natural persons.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 174; Dec. Dig. ⬡⇒73.]

3. LIBEL AND SLANDER ⬡⇒9—WORDS USED—CHARGE OF BANKRUPTCY IN THE PAST.
    The fact that defendant said that plaintiff was declared a bankrupt several months past does not affect his liability, since the charge of past bankruptcy would affect the credit of plaintiff no less than the charge of present bankruptcy.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. ⬡⇒9.]

Appeal from Special Term, New York County.

Action by the Moore & Munger Company against the Motor Trades Publishing Company.    Plaintiff's motion for judgment on the complaint and demurrer was sustained, and defendant appeals.    Affirmed, with leave to answer.

The following is the opinion of Page, J., at Special Term:

The alleged libelous article published by the defendant concerning the plaintiff, as set forth in the complaint, states that the plaintiff's automobile plant in New York City has been purchased by another company, and adds: "The firm of Moore & Munger went into bankruptcy several months ago, due, it was said, to the losses sustained in the failure of the Palmer-Singer and Benz Companies in New York."

[1, 2] In a recent case the Appellate Division of this department held that "falsely to charge a person engaged in business, to whom commercial credit is of the utmost importance, with bankruptcy, is libelous per se." Hynds v. Fourteenth Street Store, 159 App. Div. 766, at page 776, 144 N. Y. Supp. 1030, at page 1036.    The rule as to libelous words which affect credit applies to corporations as well as to natural persons.    Reporters' Ass'n v. Sun Printing & Pub. Ass'n, 186 N. Y. 437, 79 N. E. 710.

[3] The claim of the defendant that the words complained of referred to past bankruptcy and did not affect the present credit of the plaintiff is untenable.    An allegation that a person went into bankruptcy "several months ago" would certainly have an effect upon the present credit of the person concerning whom it was spoken.

The plaintiff's motion for judgment on the pleadings is granted, with $10 costs, with leave to the defendant to withdraw the demurrer and interpose an answer within 10 days upon payment of said costs, in default of which judgment will be entered for the plaintiff for the relief demanded in the complaint, with costs.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

W. F. Goldbeck, of New York City, for appellant.
L. E. Warren, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of PAGE, J., with leave to defendant to withdraw demurrer and to answer on payment of costs. Order filed.

(92 Misc. Rep. 296)

## In re GURIAN.

(Supreme Court, Special Term, New York County. November 22,. 1915.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞241—SALE OF PROPERTY—ORDER OF COURT—NOTICE—STATUTES.

Debtor and Creditor Law (Consol. Laws, c. 12), as amended by Laws 1914, c. 360, § 19, provides that all sales shall be at public auction unless otherwise ordered by the judge, and that upon application to the judge and for good cause shown the assignee may be authorized to sell any part of the estate at private sale; and section 12, as further amended by Laws 1915, c. 469, directs that creditors, etc., shall have notice of the declaration and time of payment of dividends of the proposed compromise of any controversy; and section 14 makes it the duty of the assignee to collect and reduce to money the property of the estate under the direction of the court, and to report promptly to the court the unprovable and disputed claims; and section 15, subd. 2, gives the court power to authorize the business of the assignor to be conducted by the assignee if necessary for the best interest of the estate; and the amendatory act (Laws 1915, c. 469) provides that parties interested in the estate as creditors or otherwise, if the judge so directs, shall have at least 10 days' notice by mail of all proposed sales, published as the judge shall direct, and returnable in court, and that the judge may cause such notices to be sent or published on the petition of the assignee. Held, that the assignee for the benefit of creditors, though expressly directed by the assignment to sell the assigned property, could not sell at public auction without a previous order of the court obtained on the return of notice to creditors and others interested.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 769–771; Dec. Dig. ☞241.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞1—NATURE—TRUST.

An assignment for the benefit of creditors is regarded as an express trust to convert the assigned estate into cash by sales and otherwise.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 1; Dec. Dig. ☞1.]

3. STATUTES ☞206—CONSTRUCTION—EFFECT TO ALL PARTS.

A statute should be construed so as to give force and effect to all its provisions relevant to the matter under consideration.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. ☞206.]

In the matter of the general ·assignment for the benefit of the creditors of Morris Gurian to Abraham I. Danish. On motion by creditor to restrain the public auction sale of the assigned property by the assignee, and to vacate the notice of sale previously given and served by him. Motion granted.

Samuel J. Rawak, of New York City, for the motion.
Cohen & Goldfarb, of New York City, opposed.